Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x

**JOSEFINA TORRES FRIAS,** *Individually*
*and on behalf of others similarly situated,*

**Plaintiff**

v.

**COMPLAINT**
**Index No.**

**COLLECTIVE ACTION**
**UNDER 29 USC § 216(b)**

**JURY TRIAL**
**DEMANDED**

**JUAN M. DE VARGAS, ALEJANDRO RODRIGUEZ,**
**JVANA D. VARGAS, Individually and**
**BMB RANDALL RESTAURANT CORP.**

**Defendants.**

-----------------------------------------------------------------------x

1.    Plaintiff Josefina Torres Frias ("Plaintiff"), individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF THE ACTION**

2.    This Action on behalf of Plaintiff, individually and on behalf of others similarly situated, seeks the recovery of unpaid wages and related damages for unpaid overtime hours worked, while employed by BMB Randall Restaurant Corp. ("Randall"), Juan M. De Vargas ("Juan"), Alejandro Rodriguez ("Alejandro") and Jvana D. Vargas ("Jvana") (collectively "Defendants").

Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3.    Plaintiff, a resident of New York State, was employed as a server for Defendants from on or about November 2013 through March 3, 2019. Plaintiff was employed by Defendants during the relevant limitations periods.

4.    Plaintiff's consent to sue form is attached as Exhibit "A."

5.    Defendant Randall is a New York Corporation. Defendant Randall is a restaurant located at 1328 Randall Ave., Bronx, NY 10474.

6.    Upon information and belief Randall has an annual gross volume of sales in excess of $500,000.00.

7.    At all relevant times, Randall has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

8.    Upon information and belief, Defendants Juan, Alejandro and Jvana are the owners and operators of Randall.

9.    Upon information and belief, Defendants Juan, Alejandro and Jvana exercise control over Randall's day to day operations, including the ability to hire and fire employees and set employee schedules and employee rates of pay.

10.    Jvana is listed as Randall's CEO on the New York Secretary of State Corporation search page.

11.    Defendants Juan, Alejandro and Jvana were employers of Plaintiff during the relevant time period.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff brings the First and Third Claims for Relief as a collective action
pursuant to FLSA Section 16 (b), 29 USC § 216(b), on behalf of all similarly
situated workers employed by Defendants on or after the date that is three
years before the filing of the Complaint in this case as defined herein ("FLSA
Collective Plaintiffs").

13.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are
and have been similarly situated, have had substantially similar job
requirements and pay provisions, and are and have been subjected to
Defendants' decision, policy, plan and common policies, programs, practices,
procedures, protocols, routines and rules willfully failing and refusing to pay
them the lawful minimum wage and one and one half times their regular rate
for work in excess of (40) hours per workweek. The claims of Plaintiff stated
herein are essentially the same as those of the other FLSA Collective
Plaintiffs.

14.     The First and Third Claims for Relief is properly brought under and
maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29
USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For
purpose of notice and other purposes related to this action, their names and
addresses are readily available from the Defendants. Notice can be provided
to the FLSA Collective Plaintiffs via first class mail to the last addresses
known to Defendants.

## JURISDICTION AND VENUE

3

15.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

16.    Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

17.    Defendants committed the following alleged acts knowingly, willfully and intentionally.

18.    Defendants knew that the nonpayment of minimum wage and overtime pay to Plaintiff and the FLSA Collective Plaintiffs would economically injure Plaintiff and the FLSA Collective Plaintiffs and violated state and federal laws.

19.    From 2013 through March 2017, Plaintiff regularly worked 6 days per week at Randall.

20.    During this period, Plaintiff worked from 1:00 pm through 10:00 pm, or 6:00 am through 3:00 pm, for 54 hours per week.

21.    From March 2017 through the end of her employment, Plaintiff regularly worked 5 days per week at Randall.

22. During this period, Plaintiff worked from 2:00 pm through 10:00 pm, for 40 hours per week.

23. From 2013 through 2016, Plaintiff was paid a flat rate of $280.00 per week in cash.

24. In 2016, Plaintiff was paid $9.00 per hour in check

25. In 2017, Plaintiff was paid $11.00 per hour in check

26. In 2018, Plaintiff was paid $13.00 per hour in check

27. In 2019, Plaintiff was paid $15.00 per hour in check

28. However, Plaintiff's checks only listed 32 hours worked per week; therefore she was not paid for all hours worked.

29. Plaintiff was never paid time and a half for hours worked over 40 per week.

30. Plaintiffs and the FLSA Collective Plaintiffs often worked in excess of forty (40) hours per workweek.

31. Defendants unlawfully failed to pay Plaintiff and the FLSA Collective Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

32. Defendants failed to provide Plaintiff with a written notice of her rate of pay and failed to keep proper payroll records as required under New York law.

33. Defendant's liquor license lists Juan and Alejandro as the principals.[1]

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Minimum Wage Violations Brought By Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs

---

[1]

https://www.tran.sla.ny.gov/servlet/ApplicationServlet?pageName=com.ibm.nysla.data.publicquery.Public QuerySuccessfulResultsPage&validated=true&serialNumber=1261771&licenseType=RW

34.  Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

35.  The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.,* and the supporting federal regulations apply to Defendants and protects Plaintiff and the FLSA Collective Plaintiffs.

36.  Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

37.  As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Minimum Wage Violations

38.  Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

39.  The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

40.  Defendants have willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

41.  Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

42.    As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## THIRD CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages Brought By Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs

43.    Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

44.    The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.,* and the supporting federal regulations apply to Defendants and protect Plaintiff, and the FLSA Collective Plaintiffs.

45.    Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

46.    As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## FOURTH CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

47.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48.   The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

49.   Defendants have willfully failed to pay Plaintiff the overtime wages for hours she worked in excess of forty (40) hours in a workweek.

50.   Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

51.   As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation

### FIFTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

52.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53.   Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

54.   Defendants failed to provide Plaintiff with a written notice of rate of pay as required by NYLL § 195.

55.   Defendants' failure to make, keep and preserve accurate records was willful.

56.   As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

### PRAYER FOR RELIEF

57.   WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs pray for relief as follows:

    a.  An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

    c.  Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    d.  Designation of Plaintiff as representative plaintiff of the FLSA Collective Plaintiffs;

    e.  Penalties available under applicable laws;

    f.  Costs of the action incurred herein, including expert fees;

    g.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

    h.  Pre-judgment and post-judgment interest, as provided by law; and

    i.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and the FLSA Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York
      May 2, 2019

Respectfully submitted,

The Klein Law Group P.C.

By: _____

Darren P.B. Rumack
39 Broadway, Suite 1530,
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and proposed*
*FLSA collective plaintiffs.*

11

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Randall and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage and overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_Josehalzoro_         _5-2-2019_              _JOSE Vii W2 TORROS_
Signature             Date                    Printed Name

12