

# THE KLEIN LAW GROUP, P.C.
KLEIN, KLEIN, TILLES & RUMACK
39 BROADWAY
SUITE 1530
NEW YORK, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301

www.thekleinlawgroup.com

SUSAN KLEIN
DAVID KLEIN
LESLIE TILLES*
DARREN P.B. RUMACK*†⁎

XIAN-MING LEI†
STEVEN G. DAVIS
MATTHEW LEVINE

*Member N.Y. & N.J. Bar
†Southern District of New York and the Eastern District of New York
⁎Also Admittied in District of Columbia

September 26, 2019

Judge Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:    Torres Frias v. De Vargas et al.**
       **19-cv-03953-ALC**

Your Honor:

Following an extensive investigation, informal discovery, and arm's-length negotiations between experienced counsel, Plaintiff Josefina Torres Frias ("Plaintiff"), and Defendants, have agreed, subject to Court approval, to resolve this wage and hour lawsuit. The settlement satisfies the criteria for approval of under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") because it resolves a *bona fide* dispute, and is fair, reasonable, and adequate.

The parties have reached a formal settlement agreement in the amount of $40,000.00, inclusive of attorneys' fees and costs in the amount of $13,320.00, and now seek the Court's formal approval of this settlement agreement. A copy of the settlement agreement is attached hereto as **Exhibit "A."**

**I.     Factual Background**

Plaintiff filed this Complaint on May 2, 2019 seeking damages for unpaid minimum wage and overtime under the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"). To date, the parties have engaged in extensive discovery, including the production of payroll documents, time records, as well as information regarding hours worked by, and amounts paid to, the Plaintiff. The parties mediated this case on August 27, 2019 before Mr. Paul Criswell.

**II.    Summary of the Settlement Terms**

      **A.    The Settlement Fund and Attorneys' Fees**

i

The Settlement Agreement establishes a Settlement Amount of $40,000.00 to settle claims against Defendants. See **Exhibit A**. Under the agreement and as set forth herein, Plaintiff's Counsel requests Court approval of an award of $13,320.00 as attorneys' fees and their reasonable costs and litigation expenses.

### III. The Parties' Settlement Is Fair and Reasonable and Should Be Approved

Settlement is an important aspect of the judicial process that is treated with favor by courts. See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 116 (2d. Cir. 2005) (noting the "strong judicial policy in favor of settlements"). The settlement of FLSA claims is likewise encouraged, but the Second Circuit has held that settlements of FLSA claims require judicial approval.[1] See Cheeks v Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) (holding that, "[r]ule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.").

If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. See Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1354 (11th Cir. 1982). In determining whether to approve a proposed FLSA settlement, relevant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

See Camacho v. Ess-a-Bagel, Inc., Index No. 14-cv-2592, 2014 U.S. Dist. LEXIS 171649, *4-6 (S.D.N.Y. Dec. 11, 2014). The settlement in the instant action meets all five criteria.

#### a. Possible Range of Recovery

Based on the undersigned's analysis, Plaintiff initially calculated that the potential maximum recovery in this action was $80,237.50 assuming they prevailed at trial on all their claims (representing $37,618.75 in backpay plus 100% liquidated damages and wage notice penalties). However, the parties believe this settlement to be a fair resolution to this litigation, due to *bona fide* disputes about the value of Plaintiff's claims, as set out below. Defendants maintain that any potential recovery would be far lower based on actual hours worked, and even if Plaintiff was successful on their claims, there would be no entitlement to liquidated damages.

#### b. Primary Factual Dispute and Risks

---

[1] There is no corresponding obligation for the parties to seek approval of the claims asserted based upon the New York Labor Law. See Wright v Brae Burn Country Club, Inc., 2009 US Dist LEXIS 26492, at *11 (S.D.N.Y. Mar. 20, 2009) (holding that "there is no express restriction on the private settlement or waiver of wage and hour claims under New York law.").

2

Here, the settlement amount of $40,000.00 is fair and appropriate in light of the considerable risk that Plaintiff faces. First, the parties dispute the number of hours and weeks worked by Plaintiff and the amounts paid in salary. Therefore, the amount of recovery by Plaintiff could be significantly reduced if Defendants are able to prove she worked fewer hours than alleged in the Complaint. Defendants provided Plaintiff bookkeeping record of days and hours worked by Plaintiff.

Additionally, Defendants maintain that based on their financial situation, amongst other things, that they would be unable to pay a higher judgment. Therefore, even if successful on her claims, Plaintiff faced the risk of not being able to recover on any judgment. This settlement allays those concerns, and the individual Defendant has signed a confession of judgment.

In short, although Plaintiff believes that she has a strong case, there was significant risk for both parties to engage in protracted and costly litigation over these issues, with no guarantee of recovery.

In light of these risks, the Court should find that the settlement amount is reasonable. Based on Plaintiff's salary and the number of hours allegedly worked for Defendants during the relevant period, Plaintiff's counsel believes that the estimated settlement payments reflect a satisfactory recovery in this case.

The contested issues in this case demonstrate there was no fraud or collusion in reaching the settlement. See Meigel v. Flowers of the World, NYC, Inc., No. 11-cv-465 (KBF), 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) ([T]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement).

As discussed, there were several contested issues that made the settlement of the claims asserted in this action difficult. The parties exchanged numerous demands and counterproposals prior to reaching the settlement of this action for $40,000.00 at a Court-ordered mediation held on August 27, 2019. Additionally, Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the agreement at the mediation.

### IV. Plaintiff's Counsel's Request for Attorneys' Fees and Costs Is Reasonable.

Pursuant to the retainer agreement between Plaintiff and counsel, Plaintiffs' attorneys' fees are $13,320.00, which equals 33.33% of the $40,000.00 Settlement Payment. In re Lawrence, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."). As Judge Pitman has explained, Cheeks does not require the Court to review a plaintiff's fee arrangement with his attorney:

> I do not address the fee arrangement between plaintiff and his counsel because I do not believe I am required to do so under Cheeks . . . . As described in Cheeks, the purpose of the FLSA is to regulate the relationship between an employee and his employer

3

> and to protect the employee from overreaching by the employer. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.

Villalva-Zeferino v. Park, No. 15-CV-6932 (HBP), 2016 WL 740387, at *2 n. 2 (S.D.N.Y. Feb. 17, 2016); Gutierrez v. 352 E. 86th St. Rest. Inc. d/b/a "Gracie's Corner Diner" et al., No. 15 Civ. 2064, 2016 WL 750940 at *1 n. 1(S.D.N.Y. Feb. 19, 2016).

Plaintiff's counsel's lodestar is currently $5172.55, which represents 13.73 hours worked on this file. As such, we believe that the contingency fee in this case is fair and reasonable. See **Exhibit B**, a true and correct copy of Plaintiffs' counsel's contemporaneous time records. The undersigned attorney billed at a rate of $400.00 per hour. I graduated from Vanderbilt University Law School in 2007, and worked at Fox Rothschild LLP from 2007 through early 2010, a national law firm where I practiced employment litigation defense, with my primary focus on wage and hour class and collective action cases. I have worked at The Klein Law Group PC since June 2010, and became partner in early 2016. At The Klein Law Group, I have served as the attorney of record for dozens of wage and hour lawsuits in the Southern District of New York and the Eastern District of New York.

The one-third fee requested is a fair and reasonable amount, as it was not only agreed upon by Plaintiff and counsel in the retainer agreement, but is also routinely approved by courts in the Second Circuit. See Flores v. Anjost Corp., No. 11-CV-1531 (AT) 2014 WL 321831, at 9 (S.D.N.Y. Jan. 28, 2014); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13-CV-3234 (LB), 2013 WL 5308277, at 1 (E.D.N.Y. Sept. 19, 2013); Mireku v. Red Vision Sys., Inc., No. 11-CV-9671 (RA) (JLC), 2013 WL 6335978, at *3 (S.D.N.Y. Dec 6, 2013).

## V. Conclusion.

Therefore, for the reasons above, the parties maintain that the proposed settlement is fair and reasonable, and request the Court approve the Settlement Agreement and enter an order dismissing the action. Defendants do not oppose this request.

Respectfully,

**The Klein Law Group P.C.**

/s/

Darren Rumack, Esq.
Attorneys for Plaintiff
39 Broadway Suite 1530
New York, NY 10004
212-344-9022

c.c. Heriberto Cabrera (via ECF)

4